UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

JOHN H. SHEN-SAMPAS,

                Plaintiff,

~against~

MICHAEL RABOW, JUSTIN SEWELL, *and* BECCA WALLACE,

                Defendants.

**ORDER**

25-cv-1802 (ER)

Ramos, D.J.:

    John H. Shen-Sampas, proceeding *pro se*, filed the instant suit on March 4, 2025.  Doc. 1. In the Complaint, he alleges that that Michael Rabow, Justin Sewell, and Becca Wallace violated California Civil Code §§ 44–48.9 by "publishing" false statements regarding his "CV" submitted with his application for medical residency.  *Id.* at 5, 6.  Federal jurisdiction in this Court is asserted based on the Parties' diversity of citizenship.  *Id.* at 2.  However, it is unclear from the Complaint whether venue is proper in this judicial district.

    A civil action may be brought in "a judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b)(1)-(2).  "[I]f there is no district in which an action may otherwise be brought," a civil action may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction."  28 U.S.C. § 1391(b)(3).

    The Court notes that, according to the Complaint, Defendants are located in San Francisco, California, which is in the Northern District of California.  Doc. 1 at 4.  There is no suggestion in the record that a substantial part–or any–of the events giving rise to Plaintiff's claim occurred in the Southern District of New York.  *See* 28 U.S.C. § 1391(b).  Moreover, the Complaint alleges that the "[p]lace(s) of occurrence" was San Francisco, California.  *Id.* at 6.

Courts are permitted to transfer a civil action to any other district "where it might have been brought," for "the convenience of parties and witnesses, and in the interest of justice[.]" 28 U.S.C. § 1404(a). In this case, the facts asserted by Plaintiff show that the case "might have been brought" in the Northern District of California. By no later than **March 27, 2025**, Plaintiff shall state, in writing, why this action should not be transferred there.

It is SO ORDERED.

Dated:   March 13, 2025
         New York, New York

                                                EDGARDO RAMOS, U.S.D.J.