UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN H. SHEN-SHAMPAS, <br><br> Plaintiff, <br><br> -*against*- <br><br> MICHAEL RABOW, JUSTIN SEWELL, *and* BECCA WALLACE, <br><br> Defendants. | 25-cv-1802 (ER) <br><br> TRANSFER ORDER |

R̲A̲M̲O̲S̲, D.J.:

John H. Shen-Sampas,[1] proceeding *pro se*, filed the instant action on March 4, 2025, alleging that Michael Rabow, Justin Sewell, and Becca Wallace violated California Civil Code §§ 44–48.9 by publishing false statements regarding his *curriculum vitae* submitted with his application for medical residency. Doc. 1 at 5, 6. On March 13, 2025, the Court issued an Order directing Shen-Sampas to state, in writing, why this action should not be transferred to the Northern District of California where venue seems proper, pursuant to 28 U.S.C. § 1404(a). Doc. 8. In response, both parties agreed that venue is proper in the Northern District of California. Docs. 11, 14. For the reasons set forth below, this action is transferred to the United States District Court for the Northern District of California.

**DISCUSSION**

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

---

[1] Plaintiff's name appears as John H. Shen-Shampas on the Court's electronic filing system but as John H. Shen-Sampas in the Complaint. Doc. 1. In the instant Order, the Court refers to the spelling in the Complaint.

> brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of America, N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established.") (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03 Civ. 2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003)); *see also Lead Industries Association. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and General Insurance Co. v. LaFarge North America, Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer is appropriate in this case. According to the Complaint, Defendants are located in San Francisco, California, which is in the Northern District of California. Doc. 1 at 4. There is no suggestion in the record that a substantial part–or any–of the events giving rise to Plaintiff's claim occurred in the Southern District of New York. *See* 28 U.S.C. § 1391(b). Instead, the Complaint alleges that the "[p]lace(s) of occurrence" was San Francisco, California. *Id.* at 6. Further, in response to the Court's March 13, 2025 Order directing Shen-Sampas to show why the case should not be transferred, he stated, *inter alia*, that he "agree[s] that venue is improper [in the Southern District of New York] and that the proper venue is the Northern District of California." Doc. 14. Defendants also agree. On April 11, 2024, Defendants filed a letter requesting a conference, seeking, *inter alia*, leave to file a motion to dismiss the Complaint, or in the alternative, transfer venue to the Northern District of California. Doc. 11. It is thus clear that the United States District Court for the Northern District of California is a proper venue for this action under § 1391(b)(1) and (b)(2). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of California. 28 U.S.C. § 1404(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of California, and close the case.

SO ORDERED.

Dated: April 28, 2025
New York, New York

                                               Edgardo Ramos
                                      United States District Judge